By the Court.
 

 Pursuant to the provisions of an ordinance of the city of East Youngstown, duly passed as an emergency ordinance January 7, 1924, providing for the reorganization of the police department of the city, reducing the force from 16 to 12 men, thereby relieving from duty four members of the force, including two patrolmen, and reducing the pay roll of the department $5,300 per year, John Vansuch, the safety director of thft city, notified Patrolmen Colipedro and Fetch of their removal from the force in order to conform to the requirement as to the number of patrolmen for said city.
 

 An action in mandamus was instituted by the patrolmen on March 8, 1924, against the safety director, chief of police, and mayor of the city, seeking an order of court compelling the recognition of the relators as incumbents of said position
 
 *689
 
 and assigning them to the duties thereof. Upon issue made by petition, answer, and reply the matter was heard in the court of common pleas, which denied the writ, but upon proceeding in error the Court of Appeals reversed the judgment of the common pleas court and granted the writ as prayed for in the petition, upon the ground that the ordinance referred to was void for the reason that Section 11 of the ordinance, being the emergency clause thereof, did not set forth an emergency within the meaning of the statute, necessary for the immediate preservation of the public peace, health, or safety of the city, and that said ordinance not having been published as provided by law did not go into effect.
 

 It was held by this court in
 
 Shryoch, a Taxpayer,
 
 v.
 
 City of Zanesville,
 
 92 Ohio St., 375, 110 N. E., 937, that the council of a municipality is authorized to pass emergency ordinances necessary for the immediate preservation of the public peace, health, and safety. Such ordinances do not require publication, and are not subject to the referendum, but go into immediate effect.
 

 The ordinance in question was passed as an emergency ordinance in the manner required by Section 4227-3, General Code, and its emergency character therein declared and set forth by the council. The record does not disclose any challenge thereof by any proceeding to institute a referendum, or otherwise, until the bringing of this suit, 60 days subsequent to the passage of the ordinance. No action of any kind appears to have been taken within the 30 days prescribed therefor by Section 4227-2, General Gode. In consequence
 
 *690
 
 whereof such ordinance must now be considered effective immediately upon its passage, and the question of its emergency character, determined by the council, will not be inquired into.
 

 The record discloses that by the terms of the ordinance all positions on the police force were abolished, and it further appears that positions in the police department as reorganized by the ordinance were filled by appointment made by the safety director from those in the service of the department at that time; they being considered as on the eligible list, and that the two persons named above were the two patrolmen who were not reappointed, but that they still remain on such eligible list. The record further discloses that the active service of such two patrolmen was not discontinued because of any charges against them, or because of any misconduct on their part, but solely because of the reorganization required in the opinion of the city officials to meet the necessities of its financial condition. It appears that the city of East Youngstown, just as many other cities of this state, has had' difficulty in making its income meet its expenses. Its revenues for 1924 admittedly were insufficient to pay operating expenses, and some action was necessary to meet the requirement that the city live within its income. .
 

 The record does not disclose any violation of the civil service law, for the removal did not involve any question of misconduct or other disqualification of the appointees to discharge the duties of their positions. The authority of the city officials to reduce the number of employes, even though it affect those appointed under civil
 
 *691
 
 service, when such action becomes necessary because of the condition of the finances of the city, cannot be questioned. That was determined by this court in the case of
 
 Curtis, Safety Director,
 
 v.
 
 State ex rel. Morgan,
 
 108 Ohio St., 292, 140 N. E., 522.
 

 The judgment of the Court of Appeals is therefore reversed and. that of the common pleas affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade, and Robinson, JJ., concur.