STATE ex HILE v. CLEVELAND (City) et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7644. Decided April 19, 1927

Judges Washburn, Funk & Pardee, 9th Dist., sitting.

**801. MUNICIPAL LAW—Municipality may acquire and operate, within or without its limits, any public utility, the product or service of which are to be supplied to the municipality or its inhabitants.**

**874. ORDINANCES—Unless the constitution provides to the contrary, a municipality has, by the power of local self-government, the right to determine how and for what length of time its ordinances should be published.**

### First Publication of this Opinion

PER CURIAM.

George D. Hile, the relator filed suit against the City of Cleveland in the Cuyahoga Common Pleas and on appeal to this court the relator claims:—

(1) The Ohio constitution does not permit the city to issue bonds for the purpose of purchasing land outside the limits of the city for a landing field for air craft, and for improving the land so acquired.

(2) That if the city does have such a right, advertisement of the ordinance giving notice of the issuance and sale of said bonds, was not published as required by law.

(3) The legislation passed for the sale of said bonds is to raise money or to loan the credit of the city to a corporation in violation of Sec. 6, Art. VIII of the constitution.

(4) The ordinance passed for the issuance and sale of the bonds as an emergency measure, is unconstitutional and illegal.

The Court of Appeals held:

1. By Sec. 4, Art. XVIII, any municipality may acquire, construct, own, lease and operate, within or without its limits, any public utility the products or services of which are, or are to be supplied to the municipality or its inhabitants.

2. Any doubt as to the authority to acquire and operate an air landing field, as contemplated by the ordinance, is dispelled by paragraph 15 of 3677 GC. and paragraph 29 of 3739 GC. in which express authority is given to municipalities to do the things contemplated by such ordinance, which authority the Legislature has, there being no prohibition in the constitution.

3. The provisions of the city charter which require said ordinances to be published in a publication known as the "City Record", which is published by the City, are controlling.

4. The power of local self-government in a charter city, granted by the constitution, includes the right to determine how and for what length of time its ordinances should be published, unless constitutional provisions authorize or provide to the contrary.

5. Art. XIII, Sec. 6 and Art. XVIII, Sec. 13 of the Constitution do not authorize the Legislature to pass laws controlling charter municipalities in matters of mere procedure, in exercising power given them under Art. XVIII.

6. The ordinance in question was passed as an emergency ordinance, and there being no

challenge thereof by referendum or other- wise until the bringing of this suit, which was subsequent to the time allowed for instituting a referendum, "Such ordinance must now be considered effective immediately upon its passage, and the question of its emergency character, determined by the council, will not be inquired into". Van Such v. State, ex, 112 OS. 688.

Judgment for defendants.

(Washburn, PJ., and Funk & Pardee, JJ., concur.)

Attorneys—George D. Hile for plaintiff; Carl F. Shuler, Dir. of Law, for defendants; all of Cleveland.