

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. R. L. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion Number O-4775
Re: (1) Liability of City of
Abilene for pro rata part
of bonded indebtedness of
common school district when
city extends its limits to
include part of territory
of such district.
(2) Liability of City of
Abilene for taxes on pro-
perty within limits of
school district purchased
by city for airport purposes.

We are in receipt of your letter of recent
date in which you submit the following inquiry:

"The City of Abilene has incorporated
territory of a Consolidated Common School
District which has an outstanding bonded
indebtedness; and the City of Abilene has
also purchased territory of this district
which territory is not incorporated within
city limits. The Mayor of Abilene ques-
tions the City's responsibility of assuming
its pro rata part of the outstanding bonded
indebtedness of said Common School District.

"Question 1. Is the City of Abilene liable
for pro rata part of bonded indebtedness of
Common School District which pro rata part
is to be based upon valuation of entire dis-
trict and territory detached as set by the
equalization board of Taylor County?

"Question 2. Should the City continue to
pay taxes on this purchased territory which
has not been incorporated?"

You have furnished us with further information
in your letter of November 4, as follows:

"In reply to your letter of November 2,
1942 relative to further information concern-
ing tracts of land which have been detached
from Common School District 29 of Taylor
County and incorporated by the City of Abilene
having been purchased by the City of Abilene.
The schools of Abilene are bounded by the
limits of the City of Abilene. The taxes for
running the schools are levied by the city
and certain amounts are allocated to the
schools.

"A portion of District 29 which was pur-
chased by the City of Abilene has been in-
corporated within the City limits of Abilene
and is a part of the Abilene School system.
And a part of this purchase was not for school
purposes and has not been incorporated within
the City of Abilene. This last purchase was
for the purpose of adding additional lands
to the Airport near Abilene."

In answer to your question regarding the city's
liability for its pro rata part of the bonded indebtedness
of the common school district from which the territory
was detached, we call your attention to Articles 2804 and
2805, Revised Civil Statutes, which read as follows:

"Art. 2804. Extending city limits to
include district. - Whenever the limits of
any incorporated city or town constituting
an independent school district are so ex-
tended or enlarged as to embrace the whole
or any part of any independent or common
school district adjacent to such incorporated
city or town, that portion of such adjacent
district so embraced within the corporate

limits of such incorporated city or town
shall thereafter become a part of the inde-
pendent school district constituted by such
incorporated city or town.

"If within the portion of such district
so embraced there should be situated any real
property belonging to such district, such city
or town may acquire the same upon such terms as
may be mutually agreed upon between the govern-
ing body of such city or town and the author-
ities of such district.

"This article shall not apply where it
shall be determined at an election held within
such city or town by majority vote of those
voting thereon that the territory or any por-
tion thereof to be so embraced shall not
thereby become a part of the independent school
district constituted by such city or town, but
shall be taken into the city limits for muni-
cipal purposes only, and shall remain for
school purposes a portion of the adjacent in-
dependent or common school district as though
said city limits had not been extended. Acts
1st C.S. 1917, p. 35; Acts 2nd C.S. 1919, p.
101."

"Art. 2805. Municipality assuming indebted-
ness. - In all cases where a district is em-
braced within an incorporated city or town, as
provided in the preceding article; and in all
cases where any town or village has been or
may be incorporated for free school purposes
only and which shall include within the limits
thereof any portion of any common school dis-
trict which has an outstanding bonded indebted-
ness, then such city, town or village shall
become liable and bound for the payment of such
proportion of the bonded indebtedness of such
district as the assessed value of the portion
thereof so included bears to the entire as-
sessed value of the district from which the

same was taken. The assessed values of the districts so included shall be those shown upon the last preceding county tax assessment roll after such districts are so included; such incorporated city, town or village shall pay either directly or through the officers of such district the proportion of the interest and principal of such bonded indebtedness for which it is liable. Id."

It seems clear from the above that the City of Abilene assumes its proportionate part of the bonded indebtedness of the Common School District. The city has the right to tax the annexed territory for school purposes. Todd v. City of Houston, 276 S.W. 419.

The answer to your second question, regarding the liability of the city for school taxes on the land purchased by the city to be added to the airport, depends upon whether or not the operation of an airport by a municipal corporation is a "public purpose".

The Constitution, Article 8, Section 2, authorizes the Legislature to exempt by general law public property used for public purposes.

We quote from the opinion of the Supreme Court in the case of Galveston Wharf Co. v. Galveston, 63 Tex., exact page 23, as follows: "It is property held only for purposes essentially public, and may be said to be devoted exclusively to the use and benefit of the public; indeed, it would be hard to imagine a use more essentially public than is that of a wharf which extends along the front of a city, and upon which is received a large part of the articles which go to make up the inward and outward commerce of the State. It is a property which all persons and vessels have the right to use under proper regulations, and without the use of which the business of the city could not be conducted. That compensation is received for its use does not withdraw from it its public character. Dillon on Municipal Corporations, 103-113."

The Supreme Court of Missouri, in passing on the question as to whether the acquisition, improvement and development of land for an airport is a public purpose

in the case of Dysart v. City of St. Louis, 11 S.W.(2d) 1045, used the following language: "An airport with its beacons, landing fields, runways and hangars is analogous to a harbor with its lights, wharves and docks; the one is the landing place and haven of ships that navigate the water, the other of those that navigate the air. With respect to the public use which each subserves they are essentially of the same character." The same court in the same opinion made the following observation: "The question of whether the acquisition and control of a municipal airport is a public purpose within the purview of the constitutional principle heretofore adverted to is obviously a new one. The courts which have had occasion to consider it have, however, answered in the affirmative. City of Wichita v. Clapp, 125 Kan. 100, 104; State ex rel City of Lincoln v. Johnson State Auditor, 220 N.W. 273; State ex rel Hile v. City of Cleveland et al., 160 N.E. 241; and no court of last resort, so far as we are advised, has ever held the contrary."

In the case of City of Abilene v. State, 113 S.W.(2d) 631, Judge Funderburk said: "It is, therefore, our view that when the facts of a given case establish the ownership of property by a municipal corporation, which has been acquired for an authorized public purpose, and the purpose for which it is owned and held has not been abandoned, such property is to be regarded as used for public purposes, and the Legislature has the power to provide by general law for its exemption from taxation."

We conclude from the foregoing authorities that the City of Abilene is not liable for taxes on the land purchased for an addition to its airport.

Very truly yours

APPROVED NOV 10, 1942

ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

By /s/ C. F. Gibson
        C. F. Gibson
          Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

CFG/s/am

APPROVED
OPINION
COMMITTEE
By /s/ B.W.B.
  Chairman