DECISION
{¶ 1} Defendants-appellants, Nations Construction, LLC ("Nations") and William W. Bridge, III, its manager (collectively "defendants"), appeal from a judgment of the Franklin County Court of Common Pleas denying Bridge's summary judgment motion and granting the cross-motion for summary judgment of plaintiff-appellee, Porter Drywall, Inc. Because defendants waived the arguments raised on appeal when they failed to *Page 2 
assert them in the trial court, and because the trial court properly granted summary judgment to plaintiff, we affirm.
 {¶ 2} On April 25, 2007, plaintiff filed a four-count complaint against defendants, seeking damages in the amount of $5,065, plus interest and costs, for (1) an unpaid account, (2) services and materials provided, and (3) violation of R.C. 4113.61. The fourth count of the complaint sought to hold Bridge personally liable for Nations' failure to pay plaintiff.
 {¶ 3} Nations filed an answer and a counterclaim on June 29, 2007. In its answer, Nations denied the pertinent allegations of plaintiff's complaint and set forth affirmative defenses contending (1) plaintiff failed to complete the work specified under the contract, and (2) the work plaintiff performed was substandard. Nations' counterclaim sought to recover money Nations expended to correct plaintiff's substandard performance and to complete the work plaintiff failed to perform. Bridge's individual answer denied the allegations of plaintiff's complaint.
 {¶ 4} On the same date Bridge filed his answer to plaintiff's complaint, he filed a motion for summary judgment noting Nations had a written contract with plaintiff; the parties agree Bridge attached a single page document to his motion. According to Bridge's motion, Nations paid plaintiff $745 under the contract but subsequent disagreement with plaintiff about timely completion and quality of contracted work led to plaintiff's suit against defendants, including Bridge personally. Bridge's motion asserted that "there is simply no evidence, and therefore no genuine issue of material fact, that *Page 3 
Defendant Bridge, personally or individually entered into any contracts with Plaintiff and is therefore entitled to Summary Judgment as a matter of law." (Emphasis sic.)
 {¶ 5} On July 6, 2007, plaintiff filed an answer to Nations counterclaim, denying the allegations and asserting affirmative defenses. At the same time, plaintiff filed both a memorandum contra Bridge's summary judgment motion and a cross-motion for summary judgment with the attached affidavit of Shannon Boston, plaintiff's vice-president. Affixed to Boston's affidavit are two complete contracts between the parties, each consisting of both a front and back side. The front side of the contract is the same as the document attached, without affidavit, to Bridge's summary judgment motion. Neither Nations nor Bridge responded to plaintiff's cross-motion for summary judgment.
 {¶ 6} By decision filed August 16, 2007, the trial court denied Bridge's summary judgment motion and granted plaintiff's cross-motion for summary judgment. In determining Bridge's personal liability, the trial court observed that paragraph 19(f) of Nations' contract with plaintiff specifically states an individual who signs the contract to bind the company assumes personal responsibility for amounts due and owing.
 {¶ 7} As to defendants' contention that plaintiff's work was substandard and incomplete, the trial court noted the contract provides that if defendants were unsatisfied with plaintiff's work, plaintiff was to be notified in writing and given an opportunity to cure. Because Boston's affidavit states plaintiff received no notice Nations was dissatisfied with its work and because defendants responded with no evidence to suggest they forwarded the necessary notice, the trial court found defendants' contentions lacked merit. By judgment entry filed September 5, 2007, the trial court entered judgment for plaintiff, *Page 4 
awarding $5,065 plus interest at the rate of 1.5 percent per month from January 27, 2006, plus costs, including attorney fees in the amount of $1,130.
 {¶ 8} Defendants appeal, assigning the following errors:
 FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN HOLDING AN AGENT LIABLE FOR THE DEBTS OF A DISCLOSED PRINCIPAL WHERE THE AGENT SIGNED ONLY IN HIS CAPACITY AS AGENT.
 SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST DEFENDANT BRIDGE PERSONALLY WHERE PLAINTIFF NEVER SOUGHT JUDGMENT ON THAT THEORY OF LIABILITY.
 THIRD ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST DEFENDANT BRIDGE PERSONALLY AND DISREGARDING THE CORPORATE FORMAT WHERE THE EVIDENCE WAS AMBIGUOUS AND A MATTER OF FACT WAS PRESENTED.
 {¶ 9} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 10} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the *Page 5 
record demonstrating the absence of a material fact. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. Id.; Vahila v.Hall (1997), 77 Ohio St.3d 421. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.Dresher at 293; Vahila at 430; Civ.R. 56(E). See, also, Castrataro v.Urban (Mar. 7, 2000), Franklin App. No. 99AP-219.
I. First Assignment of Error {¶ 11} Defendants' first assignment of error contends the trial court erred in holding Bridge liable for Nations' debts because the facts of this case involve a disclosed principal whose agent signed only in his capacity as agent. Bridge, however, did not raise that argument in the trial court, and his failure to do so waives the argument for purposes of appeal. State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus (stating the general rule is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court"); State v. Awan (1986), 22 Ohio St.3d 120, syllabus (holding failure to raise at the trial court level a constitutional issue apparent at the time of trial waives such issue and need not be heard for the first time on appeal). *Page 6 
 {¶ 12} Even if we were to address the issue discussed in defendants' first assignment of error, the legal concept raised, concerning an agent and its liability in relation to a disclosed principal, does not apply in the face of contractual language addressing the issue. According to paragraph 19(f) of the contract between the parties, "[t]he individual who signs this Proposal on behalf of Contractor is personally financially responsible for payment by Contractor of all amounts due to Porter hereunder." The trial court thus did not rely on agency law, but on the contractual language from the agreement between the parties, to find Bridge personally liable on the contract. Defendants' first assignment of error is overruled.
II. Second Assignment of Error {¶ 13} Defendants' second assignment of error contends plaintiff failed to send to defendants the reverse side of the contracts that sets forth the "additional terms, conditions and provisions," including paragraph 19(f). Defendants further note that not only does plaintiff's complaint fail to plead contractual language as the basis for holding Bridge personally liable, but plaintiff failed to amend its complaint at any time before judgment to include such a theory of liability. Again, defendants failed to raise either issue in the trial court and waived them for purposes of appeal. Childs, supra.
 {¶ 14} Because defendants did not raise in the trial court, either in their answers or in response to Nations' summary judgment motion, their contention that they did not receive the reverse side of the contract, they failed to present any evidence in the trial court to support their contention. Had defendants presented such evidence, plaintiff would have had the opportunity to respond with its own evidence to contest the assertion. *Page 7 
Because defendants did not, plaintiff had no way to know evidence addressing the issue was needed. In such circumstances, waiver is appropriately applied to the argument raised on appeal.
 {¶ 15} Similarly, to the extent defendants now raise an alleged omission in plaintiff's pleading, they waived the issue by not bringing it to the attention of the trial court. See Bomanite Designs, Inc. v.LeBail (Oct. 26, 1990), Lake App. No. 89-L-14-139 (concluding a party "waives any objection to the lack of a sum certain demand for judgment in the pleadings when it is not raised at the trial level"). Defendants' second assignment of error is overruled.
III. Third Assignment of Error {¶ 16} Defendants' third assignment of error contends that even if the boilerplate language from the reverse side of the contract applied to defendants, it is ambiguous. According to defendants, a jury ought to decide whether Bridge's signing the contract renders him personally liable on the contract per the provisions of paragraph 19(f). While defendants again waived their ambiguity contention by failing to raise it in the trial court, we note the language in paragraph 19(f) is straightforward, stating that the individual who signs on behalf of the contractor is personally financially responsible for payment.
 {¶ 17} Defendants nonetheless contend R.C. 1705.48 exonerates Bridge from personal responsibility for the obligations of a limited liability company, as it provides that "[t]he debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the limited liability company." While that language, standing alone, would protect Bridge from *Page 8 
personal liability under the contract, it does not preclude contractual language that imposes such liability. Paragraph 19(f) of the contract on its face imposes personal liability on Bridge, and Bridge submitted no evidence in the trial court to suggest the contractual language should not be enforced.
 {¶ 18} Because the parties agreed that Bridge would be personally liable, R.C. 1705.48 does not demand a different result. Cf.Sliman's Printing, Inc. v. Velo Internatl., Stark App. No. 2004CA00095,2005-Ohio-173 (concluding that president of limited liability company was not personally liable for the company's debt where no testimony or documentation supported a claim that president guaranteed payment);Gray Printing Co. v. Blushing Brides, LLC, Franklin App. No. 05AP-646,2006-Ohio-1656 (determining that membership in a limited liability company does not, by itself, make a member personally liable on the limited liability company's account where the account did not mention personal liability for the member); R.C. 1705.48(B) (stating that members of a limited liability company and its managers are not personally liable to satisfy any debt obligation or liability of the company solely by reason of being a member or manager of the limited liability company). Accordingly, defendants' third assignment of error is overruled.
 {¶ 19} Plaintiff filed a motion for attorney fees, contending defendants' appeal is frivolous. Plaintiff, however, did not submit any documentation from which the court could calculate an award of fees. Moreover, although we rejected defendants' contention concerning plaintiff's failure to allege in its complaint a written contract between the parties, we cannot say the appeal was entirely frivolous in raising that issue. Accordingly, we deny plaintiff's motion for attorney fees on appeal. *Page 9 {¶ 20} Having overruled each of defendants' assigned errors, we affirm the judgment of the trial court.
Motion denied; judgment affirmed.
McGRATH, P.J., and SADLER, J., concur.
 *Page 1