JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Tenable Protective Services ("Tenable") appeals the trial court's decision granting Bit E-Technologies, LLC's ("Bit E") motion for judgment on the pleadings. For the following reasons, we affirm the trial court's decision.
 {¶ 2} On March 7, 2005, Tenable, an Ohio based provider of security and safety services, entered into a written agreement with Bit E, a Georgia based limited liability company engaged in software development and systems integration. Pursuant to the agreement, Bit E agreed to provide Tenable with an automated personnel and payroll system. Bit E also agreed to provide support and maintenance of Tenable's time tracking and scheduling applications for a period of five years.
 {¶ 3} In addition, Bit E agreed to maintain and resolve application issues 24 hours per day. In exchange, Tenable agreed to pay Bit E $48,000 to create the integrated web based time keeping and billing software. Upon execution of the agreement, Tenable tendered payment of $9,600 to initiate Bit E's performance. On August 9, 2005, Tenable tendered the remaining $38,400.
 {¶ 4} On August 22, 2006, Tenable filed suit against Bit E, and against the company's principals, Vedad Arslanagic and Timur Mehmedbasic, in their individual capacities. Tenable's suit alleged several causes of action including, breach of contract, breach of warranty, misrepresentation and fraud. In its complaint, Tenable specifically alleged that the software as delivered never functioned as represented by Bit E. Tenable also alleged that as a result of Bit E's breach, the entire contract cost haDbeen wasted, as well as the cost associated with lost time spent training the employees to operate the system. *Page 4 
 {¶ 5} On February 13, 2007, Arslanagic and Mehmedbasic filed their respective answers. On March 5, 2007, Bit E filed for bankruptcy protection, and as a result, the trial court stayed the proceedings.
 {¶ 6} On March 21, 2007, Arslanagic and Mehmedbasic filed a motion for judgment on the pleadings. In their motion, Arslanagic and Mehmedbasic argued that, as individuals, they could not be held liable for the obligations of a limited liability company ("LLC").
 {¶ 7} On March 26, 2007, Tenable filed its motion in opposition to Arslanagic and Mehmedbasic's motion for judgment on the pleadings. Tenable also attached an affidavit from Camille Felder to detail the allegations that they were defrauded by Arslangic and Mehmedbasic.
 {¶ 8} On April 9, 2007, Tenable filed a motion for leave to amend its complaint. On May 27, 2007, the trial court granted Arslanagic and Mehmedbasic's motion for judgment on the pleadings and denied Tenable's motion for leave to amend its complaint. Tenable appeals and assigns the following errors for our review:
 "[1.] The trial court erred in granting defendant-appellee's [sic] motion for judgment on the pleading.
 "[2.] The trial court erred and abused its discretion in failing to grant plaintiff-appellant's motion for leave to amend complaint."
 Judgment on the Pleadings {¶ 9} In the first assigned error, Tenable argues the trial court erred in granting Arslanagic and Mehmedbasic's motion for judgment on the pleadings. We disagree.
 {¶ 10} We begin by observing that Civ. R. 12(C) provides: *Page 5 
 "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."
 {¶ 11} A Civ. R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ. R. 12(B)(6) motion for failure to state a claim upon which relief can be granted.[1]
 {¶ 12} A motion for judgment on the pleadings pursuant to Civ. R. 12(C) presents only questions of law, and the standard of review is de novo.[2] Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint.[3] Dismissal is appropriate under Civ. R. 12(C) when, after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief.[4]
 {¶ 13} In the instant case, Tenable argues that both Arslanagic and Mehmedbasic should be held personally liable for the obligations of Bit E. We are not persuaded.
 {¶ 14} Under Ohio law, as elsewhere, an LLC is neither a corporation nor a partnership, as those concepts are commonly understood. Instead, an LLC is a hybrid in that *Page 6 
it is a form of legal entity that has attributes of both a corporation and a partnership but is not formally characterized as either one.[5]
 {¶ 15} Initially, we recognize that Bit E is a limited liability company, and Arslanagic and Mehmedbasic are members and senior managers of the company. Pursuant to R.C. 1705.48(B),
 "[N]either the members of the limited liability company nor any managers of the limited liability company are personally liable to satisfy any judgment, decree, or order of a court for, or are personally liable to satisfy in any other manner, a debt, obligation, or liability of the company solely by reason of being a member or manager of the limited liability company."
 {¶ 16} Thus, under R.C. 1705.48(B), Arslanagic and Mehmedbasic's status in the limited liability company does not, by itself, make them personally liable for the obligations of Bit E.[6]
 {¶ 17} A review of Tenable's complaint and the attached contract identified as "Exhibit A" indicates that the agreement was between Bit E and Tenable. The attached contract does not set forth any representation, obligations, or liabilities on the part of Arslanagic or Mehmedbasic. Consequently, pursuant to R.C. 1705.48, Arslanagic and Mehmedbasic are not liable for the obligations of Bit E.[7]
Nonetheless, Tenable argues that Ohio law does not govern the contract. We are not persuaded. *Page 7 
 {¶ 18} A review of the contract reveals that the agreement specifically indicated that Ohio law would govern any disputes. The agreement provided in pertinent part as follows:
 "Governing Law and Jurisdiction . This Agreement and performance hereunder will be governed by the laws of the State of Ohio, without regard to its conflict of laws rules. Company and Client hereby agree on behalf of themselves, and any person claiming by and through them, that the sole jurisdiction and venue for any litigation arising from or relating to this Agreement will be an appropriate federal or state court located in Cuyahoga County, Ohio."[8]
 {¶ 19} It is clear from the above, that Tenable and Bit E agreed that Ohio law would govern all disputes. Preliminarily, we note that choice-of-law provisions are enforceable.[9] The Supreme Court of Ohio has held:
 "The law of the state chosen by the parties to govern their contractual rights and duties will be applied unless either the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or application of the law of the chosen state would be contrary to the fundamental policy of a state having a greater material interest in the issue than the chosen state and such state would be the state of the applicable law in the absence of a choice by the parties."[10]
 {¶ 20} Here, we find that the language employed by the parties in the agreement reflect their intention that Ohio's substantive law should apply to any matter in dispute. *Page 8 
Because the parties' agreement reflect the intention for Ohio substantive law to be applied, and absent any evidence that the parties have failed to make an effective choice of the forum law to be applied, we therefore find that Ohio substantive law is applicable to the matter in dispute.[11]
 {¶ 21} Consequently, we conclude that R.C. 1705.48 is controlling. As such, Arslanagic and Mehmedbasic, as members of a limited liability company, are not personally liable for the obligations of Bit E.
 {¶ 22} Within this assigned error, Tenable argues that Arslanagic and Mehmedbasic's motion for judgment on the pleadings should have been denied, because Tenable alleged a claim of misrepresentation and fraud. We are not persuaded.
 {¶ 23} R.C. 1705.48(A) provides as follows:
 "The debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the limited liability company."
 {¶ 24} Since we have concluded that R.C. 1705.48 is controlling, we find that Arslanagic and Mehmedbasic are not personally liable for the obligations of Bit E, whether they arose in contract, tort, or otherwise. As such, the trial court did not err when it granted Arslanagic and Mehmedbasic's motion for judgment on the pleadings. Accordingly, we overrule the first assigned error.
 Amending the Complaint *Page 9 {¶ 25} In the second assigned error, Tenable argues the trial court erred when it denied its motion to amend the complaint to more fully assert the allegations of misrepresentation and fraud. We disagree.
 {¶ 26} A trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion.[12] To demonstrate abuse of discretion in denying a motion for leave to amend complaint, appellant must demonstrate more than error of law and that the trial court's denial of the motion was unreasonable, arbitrary or unconscionable.[13]
 {¶ 27} Pursuant to Civ. R. 15(A),
 "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."[14]
 {¶ 28} In the instant case, we find the trial court did not abuse its discretion in denying Tenable's motion to amend its complaint to more fully assert the allegations of misrepresentation and fraud. In Tenable's first assigned error, we concluded that, pursuant to *Page 10 
R.C. 1705.48, Arslanagic and Mehmedbasic could not be held liable for the obligations of Bit E, whether they arose in contract, tort, or otherwise. Consequently, amending the complaint to more fully assert a tort claim, would be futile. We have previously held that where an amendment to the complaint would have been futile, the trial court does not abuse its discretion in denying the motion.[15]
 {¶ 29} We conclude, on the record before us, the trial court did not abuse its discretion in denying Tenable's motion to amend its complaint. Accordingly, we overrule the second assigned error.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR
[1] Feagin v. Mansfield Corr. Inst., 10th Dist. No. 07AP-182, 2007-Ohio-4862, citing Whaley v. Franklin Cty. Bd. ofCommrs., 92 Ohio St.3d 574, 581, 2001-Ohio-1287.
[2] Dearth v. Stanley, 2nd Dist. No. 22180,2008-Ohio-487.
[3] Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165.
[4] Inskeep v. Burton, 2nd Dist No. 2007 CA 11,2008-Ohio-1982, citing State ex rel. Midwest Pride IV, Inc. v.Pontius (1996), 75 Ohio St.3d 565, 570, 1996-Ohio-459.
[5] In re ICLNDS Notes Acquisition, LLC (N.D. Ohio 2001),259 B.R. 289, 292.
[6] See Gray Printing Co. v. Blushing Brides, LLC, 10thDist. No. 05AP-646, 2006-Ohio-1656.
[7] See Porter Drywall, Inc. v. Nations Constr., LLC, 10thDist. No. 07AP-726, 2008-Ohio-1512.
[8] Tenable Complaint, Exhibit A, Schedule 2, Page 7, Section 7.6.
[9] See J.F. v. D.B., 165 Ohio App.3d 791, 2006-Ohio-1175.
[10] Columbus Steel Castings Co. v. Transp. Transit Assocs.,LLC, 10thDist. No. 06AP-1247, 2007-Ohio-6640, citingSchulke Radio Prods., Ltd. v. Midwestern Broadcasting Co. (1983),6 Ohio St.3d 436. See, also, Jarvis v. Ashland Oil, Inc. (1985),17 Ohio St.3d 189, syllabus; Restatement of the Law 2d, Conflict of Laws (1971), 561, Section 187. Cf. Auten v. Auten (N.Y. 1954), 308 N.Y. 155, 160, 124 N.E.2d 99.
[11] See Jarvis, at paragraph one of the syllabus.
[12] Darulis v. Ayers (Feb. 2, 1999), 5th Dist. No. 1996CA00398, citing Csejpes v. Cleveland Catholic-Diocese (1996),109 Ohio App.3d 533, 541.
[13] Id.
[14] Robinson v. Omega Labs., Inc., 5thDist. No. 2006CA00178, 2007-Ohio-2482.
[15] State ex rel. Brewer-Garrett Co. v. MetroHealth Sys., 8th Dist. No. 87365, 2006-Ohio-5244, citing Perrin v. Bishop (Dec. 2, 1993), 8th Dist. No. 64266. *Page 1