[Cite as *McNair v. Brecksville*, 2017-Ohio-7401.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104706

---

## EBEN O. MCNAIR, IV

### PLAINTIFF-APPELLANT

vs.

## CITY OF BRECKSVILLE, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-850799

**BEFORE:** Laster Mays, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 31, 2017

**ATTORNEYS FOR APPELLANT**

Anand N. Misra
The Misra Law Firm, L.L.C.
3659 Green Road, Suite 100
Cleveland, Ohio 44122

Robert S. Belovich
9100 South Hills Road, Suite 325
Broadview Heights, Ohio 44147


**ATTORNEYS FOR APPELLEES**

Shana Samson
Mark B. Marong
David J. Matty
Matty Henrikson & Greve L.L.C.
55 Public Square, Suite 1775
Cleveland, Ohio 44113

**For Virginia Price**

Mark B. Marong
David J. Matty
Matty Henrikson & Greve L.L.C.
55 Public Square, Suite 1775
Cleveland, Ohio 44113

**For Regional Income Tax Agency**

Amy L. Arrighi
Amber E. Greenleaf Duber
Regional Income Tax Agency
P.O. Box 470537
Broadview Heights, Ohio 44147

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant, Eben O. McNair, IV ("McNair"), appeals the trial court's grant of motions for judgment on the pleadings in favor of defendants-appellees Virginia Price ("Price"), Regional Income Tax Agency ("RITA") and the city of Brecksville ("Brecksville"), rejecting McNair's challenge that a city tax ordinance is unlawful. We affirm the trial court's decision.

## I. Background and Facts

{¶2} Brecksville is a home rule municipality organized under a city charter ("Charter") pursuant to Ohio Constitution, Article XVIII, Section 3, known as the Home Rule Amendment ("Amendment"). The Amendment vests municipalities with the authority to "exercise all powers of local self government and to adopt and enforce within their limits such local police, sanitary, and other similar regulations, as are not in conflict with general laws." *Id.*

{¶3} At the October 21, 2014 meeting of the Brecksville City Council, Ordinance 4890 was introduced, "amending Section 1519.02 of the Taxation Code to reduce the allowable Municipal Income Tax Credit for a limited period of time and declaring an emergency" ("Ordinance"). The Ordinance reduced the tax credit for Brecksville residents who were paying employment taxes on income earned in their city of employment from 100 percent to 87.50 percent, effective January 1, 2015. The stated purpose of the Ordinance is to "effectively fund the necessary functions of the city of Brecksville."

**{¶4}** McNair is a Brecksville resident whose law offices are located in Cleveland. Prior to enactment of the Ordinance, McNair did not pay Brecksville income taxes due to the 100 percent credit.

**{¶5}** The meeting minutes state that the Ordinance "was read in its entirety." The second reading was conducted November 4, 2014 and unanimously passed to third reading. The third reading was tabled at the November 18, 2014 meeting. On December 16, 2014, after considerable public comment, the Ordinance passed by a four-to-three vote.

**{¶6}** On August 26, 2015, McNair directed a letter to Brecksville Law Director David Matty ("Matty") informing him that the Ordinance was not properly enacted as an emergency measure and requesting that enforcement efforts cease. On September 2, 2015, Matty declined to suspend enforcement, citing the last sentence of the Ordinance's emergency clause that states the "Ordinance shall be in full force and effect immediately upon its adoption by Council and approval by the Mayor, otherwise, from and after the earliest period allowed by law."

**{¶7}** On September 8, 2015, McNair filed a taxpayer's action for declaratory judgment and class action relief against Brecksville, Price, and RITA. McNair sought Civ.R. 23 class certification based on commonality of law and fact as to whether the Ordinance was lawfully enacted, whether the underlying tax may be lawfully collected, and as to any affirmative defenses that may be asserted by appellees.

{¶8}     McNair proffered six claims:   (1) declaratory judgment regarding construction or validity of a municipal ordinance and declaration of rights, status, or other legal relations (R.C. 2721.03); (2) declaratory judgment for return of money collected, pursuant to R.C. 733.59 and R.C. 2721.01 et seq.; (3) unlawful taking of property without compensation (Ohio Constitution, Article I, Section 19); (4) unjust enrichment; (5) enforcement injunctive relief; and (6) liability for public money received or collected (R.C. 9.39).   Brecksville and Price admitted to the tax imposition and collection with the affirmative defenses lack of standing and statute of limitations.   RITA admitted to the agency relationship with Brecksville.

{¶9}     On November 19, 2015, Brecksville and Price filed a Civ.R. 12(C) motion for judgment on the pleadings ("motion") that was opposed by McNair. Dispositive motions and class certification briefs were due by April 8, 2016.   On that date, the court granted the motion without opinion.   McNair's motion for reconsideration was denied May 11, 2016.   RITA also filed a motion that was granted on June 28, 2016, on the ground that the judgment for Brecksville and Price resolved all claims against RITA.

{¶10}   McNair appeals.   We affirm the trial court's judgment.

## II.     Assignments of Error

{¶11}     McNair advances two assignments of error:

I.     The trial court erred in granting the motion for judgment on the pleadings filed by Brecksville and Price.

II.     The trial court erred in granting the motion for judgment on the pleadings filed by RITA.

## III.     Standard of Review

{¶12}     A Civ.R. 12(C) motion for judgment on the pleadings is effectively a delayed Civ.R. 12(B)(6) motion to dismiss.  The motion poses questions of law, with a de novo standard of review.

> We review a ruling on a motion for judgment on the pleadings de novo, based solely on the allegations of the pleadings.  Judgment on the pleadings is appropriate if, "after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief." *Tenable Protective Servs., Inc. v. Bit E-Technologies, L.L.C.*, 8th Dist. Cuyahoga No. 89958, 2008-Ohio-4233, ¶ 12.

*Bozeman v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga Nos. 92435 and 92436, 2009-Ohio-5491, ¶ 8, fn. 3.

## IV.     Law and Analysis

{¶13}  We address the errors in combination for purposes of judicial economy. We find that the errors lack merit.

## A. Validity of Ordinance

**{¶14}** Article IV, Section 11, of the Charter provides in part:

Each ordinance or resolution providing for * * * an annual tax levy * * * and any emergency ordinance necessary for the immediate preservation of public peace, health or safety, shall take effect, unless a later date be specified therein, upon its approval by the Mayor, or upon the expiration of the time within which it may be vetoed by the Mayor, or upon its passage after veto by the Mayor. * * * Each emergency measure shall contain a statement of the necessity for such emergency action, and shall require the affirmative vote of five (5) members of Council for its enactment.

The Ordinance passed on the third reading at the December 16, 2014 Council meeting after substantial public comment: "Motion carried 4-Ayes, 3-Nays."         **{¶15}**

Pursuant to Article IV, Section 10 of the Charter:

All legislative action * * * may be taken by motion approved by at least four (4) members of Council. An affirmative vote of at least four (4) members of Counsel shall be required for the passage or enactment of every ordinance or resolution. Every ordinance or resolution shall be fully and distinctly read at three (3) different regular Council meetings unless five (5) members of Council vote affirmatively to dispense with the rule, in which event the ordinance or resolution shall be fully and distinctly read at least once before passage. * * *

**{¶16}** The usual rules of statutory construction apply in interpreting Charter provisions. *Fisher v. Amberley Village*, 2015-Ohio-2384, 37 N.E.3d 731, ¶ 32 (1st Dist.), citing *McQueen v. Dohoney*, 1st Dist. Hamilton No. C-130196, 2013-Ohio-2424, ¶ 42, citing *State ex rel. Comm. for the Charter Amendment v. Westlake*, 97 Ohio St.3d 100, 2002-Ohio-5302, 776 N.E.2d 1041, ¶ 28.

**{¶17}** A pivotal case cited by the parties in this dispute is *Youngstown v. Aiello*, 156 Ohio St. 32, 100 N.E.2d 62 (1951). Aiello challenged the validity of an ordinance

underlying his conviction for "one deemed to be a suspicious person," alleging the ordinance was not properly enacted. *Id*. at ¶ 34-35. The *Aiello* ordinance is identified as an emergency measure; however, "the requirement of the statute essential to the enactment of this ordinance as an emergency measure, permitting it to go into immediate effect, was not followed." *Id*. at ¶ 37.

{¶18} The trial court reversed Aiello's conviction, finding that "the ordinance was not properly enacted as an emergency measure" and was void as a result. *Id.* at ¶ 34. The appellate court reversed that finding, and it was appealed to the Ohio Supreme Court.

{¶19} The Ohio Supreme Court agreed that the emergency enactment process was not followed; therefore, it lacked validity as an emergency enactment. However, the court did find that the legislation was valid as a regular ordinance:

> In the respect indicated, the requirement of the statute essential to the enactment of this ordinance as an emergency measure, permitting it to go into immediate effect, was not followed. It, therefore, lacked validity as an emergency enactment. It is to be observed, however, that such ordinance was enacted March 7, 1928, and that there was no challenge of its validity as an emergency measure by a referendum proceeding or otherwise. *Except in the respect essential to its going into effect as an emergency ordinance it was validly enacted.*

(Emphasis added.) *Id.* at ¶ 37, citing *Vansuch v. State,* 112 Ohio St. 688, 148 N.E. 232 (1925).

{¶20} Appellees argue that *Aiello* supports their position that: the Ordinance in this case was validly enacted, it became effective upon signature by the mayor, and the only mechanism for challenging the Ordinance is by referendum. McNair counters that the *Aiello* ordinance was determined to be valid because it was passed by the requisite

super-majority while the Ordinance in this case was not. McNair also argues that the applicable statutes of limitation for challenging the legislation had expired in *Aiello*, but are still valid in this case.

{¶21} We find that the Brecksville Ordinance was validly enacted as an ordinance. While, on its face, the Ordinance states that it is an emergency measure, the Ordinance was read three times at three meetings and was approved by a vote of four council members in compliance with the requirements for nonemergency legislation pursuant to Article IV, Section 10 of the Charter. While McNair is correct that Article IV, Section 11 of the Charter requires a super-majority vote for emergency measures, there is no such requirement for nonemergency measures.

{¶22} The analysis does not end here. The stated purpose of the Ordinance is to raise funds for municipal operations by reducing the income tax credit, thus constituting an annual tax levy wholly within Brecksville's municipal powers. "[M]unicipalities have within their general power of taxation the power to tax incomes." *Thompson v. Cincinnati*, 2 Ohio St.2d 292, 294, 208 N.E.2d 747 (1965), citing *Angell v. Toledo*, 153 Ohio St. 179, 91 N.E.2d 250 (1950); *McConnell v. Columbus*, 172 Ohio St. 95, 173 N.E.2d 760 (1961); and *Benua v. Columbus,* 170 Ohio St. 64, 162 N.E.2d 467 (1959). *See also* R.C. Chapter 718 (municipal income taxes), Ohio Constitution, Article XVIII, Section 13 (authority to levy taxes), and Article XVIII, Section 7 (municipal home rule).

{¶23} Article IV, Section 11, of the Charter specifically addresses the effective date of an Ordinance for an annual tax levy:

*Each ordinance* or resolution providing for the appropriation of money *or for an annual tax levy*, * * * *and* any emergency ordinance or resolution * * * shall take effect, unless a later date be specified therein, upon its approval by the Mayor or upon the expiration of the time within which it may be vetoed by the Mayor or upon its passage after veto by the Mayor, as the case may be.

*Id.* It is clear that not only may emergency legislation take effect immediately upon approval by the mayor, the same is true of an ordinance for an annual tax levy such as the Ordinance in this case. *Id.*

{¶24} The Ordinance provides that it "shall be in full force and effect immediately upon its adoption by this Council and approval by the Mayor, otherwise, from and after the earliest period allowed by Law." The mayor signed the Ordinance on December 16, 2014.

{¶25} According to Article IV, Section 10 of the Charter, all ordinances and resolutions required by law or the Charter to be published or posted must be posted or published for 15 days prior to becoming effective, except that emergency legislation will be effective immediately. Per *Aiello,* the Ordinance takes effect "in the same manner as other regular ordinances*." Id.* at 34, citing *Vansuch v. State,* 112 Ohio St. 688, 148 N.E. 232 (1925). "In the absence of any evidence to the contrary it is proper to assume that such provision was complied with and that the ordinance was duly published and in due time became effective as a valid ordinance." *Id*. at 37.

{¶26} "Except in the respect essential to its going into effect as an emergency ordinance[,]" the Ordinance in this case "was validly enacted." *Aiello* at ¶ 37. Article VIII, Section 2, of the Charter provides that the mechanism for challenging the validity of

the Ordinance is by referendum, to be exercised in accordance with the Constitution and laws of Ohio.[1]

{¶27} We agree with the trial court's determination that McNair is unable to prove a set of facts supporting his claim that would result in entitlement to relief "after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party." *Tenable Protective Servs.*, 8th Dist. Cuyahoga No. 89958, 2008-Ohio-4233, ¶ 12.

{¶28} Further, as the result of our determination that the Ordinance was validly enacted, the trial court's determination as to RITA is also affirmed.

{¶29} Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1] We recognize that appellant was thwarted from challenging the ordinance by way of referendum because of the confusion created by mislabeling the legislation as an emergency. However, despite any reservations we may have, we are constrained to affirm because the legislation was validly enacted.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR