City of Dayton, Appellee, *v.* Woodgeard, d. b. a. Woodgeard Brothers, Appellant.

(No. 2652—Decided January 24, 1962.)

Mr. *Herbert S. Beane*, city attorney, Mr. *Joseph P. Duffy* and Mr. *James W. Drake*, for appellee.
Messrs. *Schlafman & Elliott*, for appellant.

SHERER, J. This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Montgomery County in a declaratory judgment action in which the city of Dayton, appellee herein, was plaintiff and Clayton Woodgeard, doing business as Woodgeard Brothers, appellant herein, was defendant. The parties hereinafter will be referred to as plaintiff and defendant.

Plaintiff's petition alleges that it is a municipal corporation operating under the Constitution and statutes of the state of Ohio and a charter adopted by its electors for their own self-government. The petition alleges further that defendant op-

erates a junk yard and automobile wrecking business at 360 N. Smithville Road at the point where such roadway is intersected by the northern terminus of what was heretofore known as Barksdale Avenue, on an area of land, being lot 28487 in the city of Dayton. Plaintiff alleges that it owns lots 41853 and 41854, directly opposite the premises of defendant, or on the west side of former Barksdale Avenue at Smithville Road.

Plaintiff alleges further that on August 16, 1939, by ordinance No. 15292, the City Commission of the city of Dayton vacated Barksdale Avenue, which lay between the properties of plaintiff and defendant from Smithville Road to the southern corporation line of the city. Plaintiff alleges that no portions of the vacated street had been taken from or dedicated by the defendant or his predecessors in title at the time of dedication, but that such premises was dedicated for public use by the plaintiff's predecessor in title to lot numbered 41854.

Plaintiff alleges that, by reason of the aforesaid facts, title to the vacated street passed to plaintiff by accretion at the time of the vacation of the street; that defendant has asserted a claim of ownership to one-half of the vacated street and has been using such premises on which to store various and sundry wrecked automobiles and miscellaneous junk; and that it brings its action under the Declaratory Judgments Act of the state of Ohio for a declaration as to the ownership of such vacated premises. Plaintiff prays for an order permanently enjoining the defendant from further occupancy thereof and for its costs.

Defendant's answer admits that plaintiff is a municipal corporation; that he is operating an automobile wrecking business at 360 N. Smithville Road; and that he is the owner of lot 28487 in the city of Dayton.

Defendant's answer alleges that Barksdale Avenue was dedicated as a part of the Arthur A. Schwagel plat, recorded on February 28, 1925; that such plat was duly approved by George F. Baker, Director of Public Service of the city of Dayton, and included Barksdale Avenue in the dedication of the streets thereon; that on August 16, 1939, by ordinance No. 15292, the City Commission of Dayton attempted to vacate Barksdale Avenue; that the city of Dayton did not legally vacate Barksdale Avenue; and that the city of Dayton has no right or claim of ownership to the land involved by virtue of the alleged vacation thereof.

Defendant, answering further, and in the alternative, says that in the event the attempted vacation of the street is determined to be a legal vacation in compliance with the charter of the city of Dayton, the right of way and easement on the vacated street by defendant shall not be impaired by such order; that, by reason of Section 723.08, Revised Code, defendant cannot be deprived of his rights therein.

Defendant admits that he has asserted a claim of ownership to one-half of the vacated street and that he has been using the premises as alleged, and says that he is rightfully entitled to certain rights therein even if the street is declared vacated, and that he cannot be excluded therefrom or be deprived of the enjoyment of such right. Defendant denies all other allegations in plaintiff's petition and prays that plaintiff's petition be dismissed at plaintiff's costs.

The record shows that those persons entitled to notice by reason of the fact that their property abutted that portion of the street affected by the proposed vacation were (1) Arthur A. Schwagel and (2) defendant's predecessor in title, John W. Boren. The record shows further that John W. Boren was served personally with notice which complied with the provisions of Section 141 of the charter of the city of Dayton. Arthur A. Schwagel was served with notice by leaving a copy thereof at 4316 Dorset Drive, his residence. Schwagel had dedicated all the land constituting Barksdale Avenue for use as a public street. He had filed a petition for the vacation thereof, paying a fee of $25, and listed his residence on the petition as 4316 Dorset Drive, where a copy of the notice was left.

Section 141 of the city charter provides that such notice be served in the manner that service of summons is required to be made in civil actions. Section 2703.08 Revised Code, provides, in the chapter headed, "Service of Summons," in part:

"Service shall be made at any time before the return day, by delivering a copy of the summons, with the endorsements thereon, to the defendant personally, or by leaving a copy at his usual place of residence."

Section 141 of the charter provides:

"The city manager shall cause notice of such resolution to be served in the manner that service of summons is required to be made in civil actions upon all persons whose property abuts upon the portion of the street affected by the proposed vaca-

tion or narrowing, and by publication once in one daily newspaper of general circulation in the city as to all persons who cannot be personally served."

The intention expressed in that section is to require published notice only as to one who could not be served with summons either by handing a copy thereof to him personally or by leaving a copy thereof at his usual place of residence.

We hold that the notice served by the city of Dayton herein complied with the requirements of Section 141 of its charter.

Defendant contends that the description in the resolution and ordinance of the area vacated is not definite and certain.

We have examined the testimony and the exhibits bearing upon this question and hold that the description of the area sought to be vacated, contained in the resolution and ordinance, is definite and certain.

Defendant argues that Rule IX of the Rules and Regulations of the City Commission requires ordinances to be adopted be read aloud in full.

Section 3, Article XVIII, Ohio Constitution, provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Section 7, Article XVIII, Ohio Constitution, provides:

"Any municipality may frame and adopt a charter for its government and may, subject to the provisions of Section 3 of this article, exercise thereunder all powers of local self-government."

The case before us does not relate to police, sanitary or other similar regulations, but relates to a matter of purely local concern, the adoption of ordinances in the city of Dayton.

Section 731.17, Revised Code, provides that:

"The action of the legislative authority of a municipal corporation shall be by ordinance or resolution * * *. No bylaw, ordinance, or resolution, of a general or permanent nature * * * shall be passed, unless it has been fully and distinctly read on three different days, and with respect to any such bylaw, ordinance, or resolution, there shall be no authority to dispense with this rule, except by a three-fourth vote of all members elected to the legislative authority, taken by yeas and nays, on each bylaw, resolution, or ordinance, and entered on the journal. * * *""

Section 701.05, Revised Code, provides that:

"Municipal corporations operating under a charter which provides for or authorizes a method of procedure in the passage and publication of legislation, the making of improvements * * * differing from the method prescribed by general law, may pass and publish such legislation * * * under the general law or in accordance with the procedure provided for or authorized by its charter. * * *"

Section 731.45, Revised Code, provides that:

"The legislative authority of a municipal corporation shall determine its own rules * * *."

The Charter of the City of Dayton provides, in Section 39, that:

"The commission shall determine its own rules and order of business and shall keep a journal of its proceedings."

Under authority of this section, the city commission adopted Rule IX, which provides:

"Every ordinance or resolution, unless it be an emergency measure and a motion ordering the same to be put upon its passage forthwith shall have been passed, shall be read at the meeting when it is introduced and shall lie over until the following regular meeting, or to such time as same may be assigned for further hearing, when some disposition shall be made thereof."

It is conceded that the ordinance vacating Barksdale Avenue was read by the clerk of the city commission by title only at the meeting at which it was adopted. The evidence discloses that the practice of reading ordinances by title only has prevailed in the city of Dayton for more than 31 years and that the rule permitting it was passed in 1957 by amendment of Rule IX. The evidence discloses further that copies of the proposed ordinance were given to each member of the commission 24 hours before the meeting at which it was introduced.

It is argued by counsel for defendant that Rule IX makes it mandatory that proposed ordinances be read aloud at commission meetings, as provided by Section 731.17, Revised Code, and that there has been such a failure to comply with the rule as to render the ordinance invalid. Counsel cites the cases of *Costakis* v. *City of Yorkville*, 109 Ohio St., 184, and *Village of Vinton* v. *James*, 108 Ohio St., 220, in support of his argument. Plaintiff argues that those cases relate to action taken by legis-

lative bodies of municipal corporations not operating under a charter and have no application to the facts before us, since the plaintiff, city of Dayton, operates under a charter and its own rules.

In the case of *State, ex rel. City Loan & Savings Co. of Wapakoneta,* v. *Moore, Clerk of Courts,* 124 Ohio St., 256, the Supreme Court, construing an enactment of the General Assembly, said, at pages 258 and 259:

"* * * The rules of the General Assembly seem to provide that a motion to reconsider should be filed within two days after the previous question is ordered in each house. The two-day rule is a rule of the General Assembly, not prescribed by the Constitution. Section 8 of Article 2 of the Constitution authorizes each house to determine its own rules of proceeding. Sections 9 and 16 prescribe certain rules which are mandatory, and a failure to observe them might be inquired into by the courts, and if it is found that the Legislature has violated the constitutional limitations it would be within the power of the court to declare the legislation invalid. The provision for reconsideration is no part of the Constitution and is therefore entirely within the control of the General Assembly. Having made the rule, it should be regarded, but a failure to regard it is not the subject-matter of judicial inquiry. It has been decided by the courts of last resort of many states, and also by the United States Supreme Court, that a legislative act will not be declared invalid for noncompliance with rules. *United States* v. *Ballin,* 144 U. S., 1 * * *."

In 41 Ohio Jurisprudence (2d), 442, Section 5, it is said:

"It is not necessary for the body to note on its minutes that the rule has been suspended, there being no objection on the part of any member and all members being present."

The law enunciated by the Supreme Court in the *Moore* case (124 Ohio St., 256), was followed by the Court of Appeals for Mahoning County in the case of *Humphrey* v. *Youngstown,* 75 Ohio Law Abs., 239, in a case in which the city of Youngstown, a charter city, passed an ordinance rezoning a tract of land from residence to an industrial zone. An application to rezone was filed with the city and an ordinance was offered in conformity thereto. At the first reading of the ordinance a motion to table was offered and passed. Upon the second read-

ing thereof it was tabled again. Upon the third reading it was passed. It was provided by rule adopted by the city council of Youngstown that "the motion to lay on the table shall dispose finally of the legislation against which it is invoked." The Court of Appeals, in that case, held that the departure from the rules did not render the ordinance invalid.

We hold that the ordinance adopted by the City Commission of the city of Dayton vacating Barksdale Avenue was a valid enactment.

From the pleadings and the evidence, we find as facts that plaintiff's predecessor in title owned a tract of land which embraced all of Barksdale Avenue which is the subject of this controversy. Such owner platted the land and dedicated a portion thereof to be used by the public as a street to be known as Barksdale Avenue. No portion thereof was dedicated by defendant's predecessor in title. Under these circumstances we hold that the title to one-half of the vacated portion of Barksdale Avenue in question which abuts the lands of defendants is in defendants, subject to plaintiff's right to use it as a necessary means of ingress to and egress from its property.

The rule is stated by the Supreme Court of Ohio in the case of *Greenberg* v. *L. I. Snodgrass Co.,* 161 Ohio St., 351, wherein the court said, at page 357:

"The rule is well established in Ohio that upon the vacation of a street the fee thereto does not revert to the original dedicator but accretes to the abutting lot owners, subject only to such rights as other such owners may have in the street as a necessary means of access to their property."

In accordance with this decision, plaintiff's petition for an injunction will be denied and the costs of this action assessed against plaintiff.

*Injunction denied.*

CRAWFORD, P. J., and KERNS, J., concur.

(Decided May 3, 1962)

ON MOTION for Reconsideration.

SHERER, J. This matter is before the court on the application of plaintiff for a reconsideration of that portion of this

court's ruling which held that the title to one-half of the vacated portion of Barksdale Avenue in question which abuts the land of the defendants is in defendants, subject to plaintiff's right to use it as a necessary means of ingress to and egress from its property.

Plaintiff's predecessor in title owned a plat duly recorded, a portion of which he dedicated to the public to be used as a street to be known as Barksdale Avenue. No portion of Barksdale Avenue had been owned or dedicated by defendants or their predecessors in title. Lot 41854, owned by plaintiff, abuts on the west a portion of Barksdale Avenue vacated and lot 28487, owned by defendant, abuts the vacated portion of Barksdale Avenue to the east, opposite lot 41854.

Section 3585, General Code, formerly Section 2601, Revised Statutes, now Section 711.07, Revised Code, in force at the time the land owned by plaintiff was platted and the plat recorded and Barksdale Avenue was dedicated, provided as follows:

"The map or plat so recorded shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel or parcels of land designated or intended for streets, alleys, ways, commons, or other public uses, to be held in the corporate name in trust to and for the uses and purposes in the instrument set forth and expressed, designated, or intended."

Section 3729, General Code, formerly Section 2654, Revised Statutes, now Section 723.08, Revised Code, in force when this street was vacated, provided as follows:

"The order of council vacating or narrowing a street or alley which has been dedicated to public use by the proprietor, shall, to the extent to which it is vacated or narrowed, operate as a revocation of the acceptance thereof by the council, but the right of way and easement therein of any lot owner shall not be impaired thereby."

Our decision was based on *Greenberg* v. *L. I. Snodgrass Co.*, 161 Ohio St., 351, cited in our previous opinion, wherein the court, at page 357, said:

"The rule is well established in Ohio that upon the vacation of a street the fee thereto does not revert to the original dedicator but accretes to the abutting lot owners, subject only

to such rights as other such owners may have in the street as a necessary means of access to their property.''

Upon reconsideration, we see no reason to change our previous holding on the question at issue here. Our decision on this point is based on the reasoning of the Circuit Court in *Stevens* v. *Shannon*, 6 C. C., 142, 3 C. D., 386, which was followed and cited as an authority in *Stephens* v. *Taylor, Exr.*, 51 Ohio St., 593, and in *Kerr* v. *Commissioners*, 51 Ohio St., 593. In *Stevens* v. *Shannon* the owner of the entire recorded plat also owned all the land dedicated for streets, and the court said, at page 145:

''* * * Vacation of the streets and alleys does not affect the rights of the adjacent proprietor, nor rehabilitate the original owner with the title to the lands included therein. If it did it would follow that upon the vacation of a street the original proprietor would have the right to take possession thereof, fence it in, cultivate crops thereon, or make any other use of it which an owner in fee simple may lawfully make of real estate, and the abutting owners would have no remedy except to incur the expense and trouble of procuring the establishment of new streets; and this, notwithstanding they had purchased their lots upon the faith of their right to have the streets kept open for their benefit. Such is certainly not the law. Convenience and necessity, if no other consideration, require that where highways are vacated the title thereto shall vest in the abutters. Vacation is an abandonment of the rights of the *public* to have and use the streets and alleys as public highways, but not a relinquishment of the rights of abutting owners therein. Section two thousand six hundred fifty-four of the Revised Statutes provides that the order of vacation of a street or alley shall 'operate as a revocation of the acceptance thereof by the council; but the right of way and easement therein of any lot owner shall not be impaired thereby.' This indicates an intention that vacation shall not deprive abutters of rights incident to their ownership.''

This case was cited with approval in the case of *Babin* v. *City of Ashland,* 160 Ohio St., 328, wherein the court said, page 340:

''* * * This court has held that there is no reverter to the dedicator or those claiming under him when such streets are

vacated, but that the land occupied by the vacated portion of the street passes to the owners of land adjacent to and abutting thereon because of their private rights therein, as for access, ingress and egress. *Stevens* v. *Shannon,* 6 C. C., 142, 3 C. D., 386, which was followed and approved as an authority in *Stephens* v. *Taylor, Exr.,* 51 Ohio St., 593, and in *Kerr* v. *Commrs.,* 51 Ohio St., 593. * * *

"Where the municipal corporation, by vacating a street, abandons the land occupied by the street to the adjacent property owners, only those who have no remaining reasonable access to their property are recognized as having any legally enforcible rights."

When Barksdale Avenue was dedicated, the dedicator transferred the fee title to plaintiff, city of Dayton, in trust to be used as a street. When the city of Dayton abandoned the trust through vacation of the street, the fee to one-half of the vacated portion thereof which abuts lot 28487 vested in defendant subject to the right of the owners of other lots abutting the vacated street to use it as a necessary means of egress and ingress.

The motion of plaintiff for reconsideration will be overruled.

*Motion overruled.*

CRAWFORD, P. J., and KERNS, J., concur.