[Cite as *Medina ex rel. Jocke v. Medina*, 2021-Ohio-4353.]

## IN THE COURT OF APPEALS OF OHIO
## NINTH APPELLATE DISTRICT
## MEDINA COUNTY

CITY OF MEDINA ex rel. RALPH E.　　:
JOCKE, et al.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:　　Appellate Case No. 20CA0044-M
　　　　　　Relators-Appellants　　　:
　　　　　　　　　　　　　　　　　　　:　　Trial Court Case No. 19CIV1032
v.　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:　　(Civil Appeal from
CITY OF MEDINA, OHIO　　　　　　　:　　Common Pleas Court)
　　　　　　　　　　　　　　　　　　　:
　　　　　　Respondent-Appellee　　　:

. . . . . . . . . . .

O P I N I O N

Rendered on the ___13th___ day of December, 2021.

. . . . . . . . . . .

PATRICIA A. WALKER, Atty. Reg. No. 0001779 and RALPH E. JOCKE, Atty. Reg. No. 0011642, 231 South Broadway, Medina, Ohio 44256
　　　　Attorneys for Relators-Appellants

GREGORY A. HUBER, Atty. Reg. No. 0013857, 132 North Elmwood Avenue, P.O. Box 703, Medina, Ohio 44256
　　　　Attorney for Respondent-Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Ralph E. Jocke, Patricia A. Walker, and Keith Rasey appeal from the trial court's entry of summary judgment against them on a complaint they filed on behalf of the taxpayers of the City of Medina. The lawsuit challenges the Medina City Council's enactment of two ordinances. The first authorized the Mayor to contract with the Medina County Board of Commissioners to share expenses related to design, planning, and construction-management services for a proposed shared courthouse. The second ordinance amended the first by increasing the amount authorized to be paid under the cost-sharing agreement and by clarifying that the City's payment was to be made to the County.

{¶ 2} The appellants argued below that both ordinances were invalid for various reasons, including that City Council improperly had passed the first ordinance as an emergency measure. The trial court held that the appellants lost their ability to challenge the emergency enactment by not bringing a successful referendum petition. It also expressed its belief that the emergency enactment was proper. Finally, the trial court quoted a page from the City's summary-judgment brief in an apparent finding of no irregularity in the enactment of either ordinance.

{¶ 3} We conclude that the appellants' failure to bring a successful referendum petition is not dispositive of their lawsuit. Regardless of whether it qualified as an emergency measure, the first ordinance took effect no later than 30 days after its passage by the Medina City Council. At that time, whether the ordinance properly had been enacted on an emergency basis became immaterial. The appellants' lawsuit also challenges the legality of both ordinances on multiple other grounds. Although the trial

court did not specifically address most of these arguments, it was not required to render findings of fact or conclusions of law when entering summary judgment for the City. In any event, our de novo review reveals that none of the appellants' arguments are persuasive. Finally, this appeal is not moot, as both ordinances remain in effect notwithstanding events that have transpired since their enactment.

{¶ 4} For the reasons to follow, we affirm the trial court's entry of summary judgment in favor of the City of Medina.

## I. Factual and Procedural Background

{¶ 5} The Medina City Council passed the first ordinance on June 24, 2019. The legislation, Ordinance No. 98-19, was enacted as an emergency measure. It authorized the Mayor to enter into a cost-sharing agreement with the County for the planning phase of a joint courthouse project. The approved funding was not to exceed $133,000. The Mayor promptly entered into the cost-sharing agreement. A citizen group responded with an initiative petition to allow electors to vote on the courthouse project. The attempt failed, however, because not enough valid signatures were obtained.

{¶ 6} On March 9, 2020, the Medina City Council passed Ordinance No. 49-20. It amended Ordinance No. 98-19 in two ways. First, it increased the authorized funding for the cost-sharing agreement to $171,000. Second, it made the funds payable to Medina County rather than the chosen architectural firm.

{¶ 7} The appellants filed the present lawsuit on October 22, 2019 on behalf of the taxpayers of the City of Medina. They alleged that Ordinance No. 98-19 was invalid for several reasons, including its enactment as an emergency measure. The appellants filed a supplemental complaint on March 23, 2020 after the City Council passed Ordinance

No. 49-20. The supplemental complaint added challenges to the validity of Ordinance No. 49-20. It requested preliminary and permanent injunctive relief to enjoin the City from taking any action authorized by either ordinance. The supplemental complaint also sought a return to the City of money paid pursuant to either ordinance. Finally, the supplemental complaint requested the assessment of costs (but not attorney fees) against the City. The parties proceeded to file competing dispositive motions. In a brief June 24, 2020 written decision, the trial court found the City entitled to judgment as a matter of law. This appeal followed.

## II. Summary Judgment Standard

{¶ 8} We review an award of summary judgment de novo. *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civil Rule 56(C), summary judgment is proper when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). With these standards in mind, we turn to the issues on appeal.

## III. Analysis of Assignments of Error

{¶ 9} The appellants' first two assignments of error state:

I.      **The trial court erred when it found that the Taxpayers' lawsuit, concerning Medina City Ordinance No. 98-19, was untimely filed.**

**II.     The trial court erred when it found that Medina City Ordinance No. 98-19 did not violate the City Charter and that Ordinance was correctly passed as emergency legislation.**

{¶ 10} In their first assignment of error, the appellants contend (1) an emergency ordinance cannot be challenged via referendum, (2) their lawsuit was timely because R.C. 733.60 provides a one-year statute of limitation to enjoin the performance of a municipal contract, and (3) equitable principles favor permitting them to challenge both ordinances.

{¶ 11} In their second assignment of error, the appellants challenge the trial court's finding that emergency enactment of the first ordinance was proper and, therefore, did not violate the Medina City Charter. The appellants note that the Charter prohibits passing, as an emergency measure, any ordinance authorizing the "surrender" or "joint exercise" of any City power. They argue that Ordinance No. 98-19 violated this prohibition by allowing the Mayor to contract with the County to share expenses related to design, planning, and construction-management services for a proposed shared courthouse. The appellants assert that Ordinance No. 98-19 is invalid for this reason and, further, that Ordinance No. 49-20 is invalid because it amended an invalid ordinance.

{¶ 12} Upon review, we find both assignments of error to be without merit. With regard to the first assignment of error, the trial court does not appear to have found the appellants' entire lawsuit untimely. Instead, it reasoned that the appellants "lost the ability to challenge the emergency enactment [of the first ordinance] when they did not bring a successful referendum petition as contemplated by R.C. 731.29." The trial court opined that "[t]he principal allegation" underlying the appellants' request for injunctive relief concerned the Medina City Council's passing the first ordinance as an emergency

measure. In the trial court's view, the appellants were required to raise this issue through a referendum petition under R.C. 731.29. In other words, the trial court opined that the appellants were required to seek a different form of relief to challenge the emergency nature of the enactment. The trial court did not dismiss the lawsuit itself on the basis of untimeliness. Accordingly, the first assignment of error is overruled.

{¶ 13} With regard to the second assignment of error, any issues involving the emergency enactment of Ordinance No. 98-19 are now moot. The general rule is that an ordinance passed by a city council does not take effect for 30 days. During that period, electors may file a referendum petition requiring the ordinance to be placed on the ballot for approval or rejection. R.C. 731.29. However, emergency ordinances "necessary for the immediate preservation of the public peace, health, or safety" are not subject to referendum and "shall go into immediate effect." R.C. 731.30.

{¶ 14} Here the appellants challenge whether Ordinance No. 98-19 qualified as an emergency measure. If it did, then it went into effect immediately, and a referendum petition was not available. On the other hand, if it did not meet the statutory requirements for an emergency measure, then it did not take effect for 30 days and could have been challenged through a timely referendum (if the appellants wished to pursue that remedy). But because the appellants did not pursue a timely referendum, or initiate any other legal challenge during the 30-day window, Ordinance No. 98-19 necessarily took effect no later than 30 days after its passage, regardless of whether it qualified as an emergency measure. *City of Youngstown v. Aiello*, 156 Ohio St. 32, 37-38, 100 N.E.2d 62 (1951); *McNair v. City of Brecksville*, 2017-Ohio-7401, 96 N.E.3d 1078, ¶ 17-27 (8th Dist.) (holding that an ordinance became effective in due time as a regular ordinance even if it

improperly had been passed as emergency legislation). At this point, then, it matters not whether Ordinance No. 98-19 qualified as an emergency measure. The ordinance took effect in due time as a regular ordinance even if it lacked true emergency status.

{¶ 15} We note too that the referendum question is a non-issue. The appellants sought declaratory and injunctive relief below on the basis that the two ordinances are *invalid* for a variety of reasons (one of which was a claim that Ordinance No. 98-19 did not qualify as an emergency measure). The object of a referendum generally is to have a *valid* ordinance submitted to the electors for their approval or disapproval. *State ex rel. Hasselbach v. Sandusky Cty. Bd. of Elections*, 157 Ohio St. 3d 433, 2019-Ohio-3751, 137 N.E.3d 1128, ¶ 9, 13. The present lawsuit does not seek to have either ordinance submitted to the voters. Rather, the appellants argue that both ordinances are *invalid* because the Medina City Council enacted them in violation of various provisions of state and local law. Given that the appellants do not seek the relief that a referendum provides, the trial court's observation that they failed to file a timely referendum petition is immaterial to their lawsuit. The second assignment of error is overruled as moot.

{¶ 16} In their third, fourth, and fifth assignments of error, the appellants contend the trial court erred in entering summary judgment against them without addressing certain issues. The assignments of error state:

III. **The trial court erred when it did not address, and therefore did not find, that Medina City Ordinances No. 98-19 and/or No. 49-20 violated the joint governmental construction project statute, R.C. 153.61.**

IV. **The trial court erred when it did not address, and therefore did**

**not find, that Medina City Ordinances No. 98-19 and/or No. 49-20 violated the statute that requires the reading of a municipal ordinance three times before the ordinance's passage, R.C. 731.17, or any of the Medina City Codified Ordinances that also require transparency.**

**V.     The trial court erred when it did not address, and therefore did not find, that Ordinance No. 49-20 is invalid.**

{¶ 17} In their third assignment of error, the appellants claim the two ordinances violate R.C. 153.61, which governs agreements between a county and a municipality for the joint construction, management, and use of public improvements. The statute provides:

> Any county or counties and any municipal corporation or municipal corporations may enter into an agreement providing for the *joint construction, acquisition, or improvement* of any * * * public building * * * *and providing for the joint management, occupancy, maintenance, and repair thereof.* Any such agreement shall be approved by resolution or ordinance passed by the legislative authority of each of the parties to such agreement, which resolution or ordinance shall set forth the agreement in full and shall authorize the execution thereof by designated official or officials of each of such parties, and such agreement, when so approved and executed, shall be in full force and effect.

R.C. 153.61.

{¶ 18} An agreement entered into pursuant to R.C. 153.61 must contain provisions

addressing various items, including (1) the method by which the building will be constructed, (2) the manner in which title will be held, (3) the manner in which the building will be managed, occupied, maintained, and repaired, and (4) apportionment of the cost of jointly constructing, acquiring, or improving the building. R.C. 153.61(A)-(D). The appellants maintain that the contract authorized by Ordinance No. 98-19 lacked the provisions required by R.C. 153.61 despite being governed by that statute. For its part, the City acknowledges that Ordinance No. 98-19 lacked the provisions mentioned in R.C. 153.61. It argues, however, that the statute has no applicability. We agree with the City.

{¶ 19} As noted above, R.C. 153.61 governs a county-municipal "agreement providing for the joint construction, acquisition, or improvement of any * * * public building * * * and providing for the joint management, occupancy, maintenance, and repair thereof." In the present case, neither Ordinance No. 98-19 nor the contract it authorized provides for the construction, acquisition, or improvement of anything. Section 1 of the ordinance authorizes the Mayor "to enter into an Agreement to Share Costs of Professional Design, Planning, and Construction Management Services for the Joint Construction and Management of a County-City Courthouse." The contract accompanying Ordinance No. 98-19 demonstrates that Medina County and the City of Medina entered into an agreement to study the feasibility of a shared courthouse. In particular, they agreed to share the costs "of professional design, planning and construction management services *to prepare detailed design specifications* for the joint construction of a new combined County/City Courthouse[.]" (Emphasis added.) The contract authorizes an architect to "prepare detailed design and construction plans." It identifies the work as "preliminary planning." The City's obligations under the contract are

to reimburse the County 25 percent of the architectural design fee and 25 percent of the construction manager fee "for services rendered during the design phase." Under the terms of the contract, the County and City recognized that "if a joint project is advisable, they will need to negotiate an agreement that conforms with the requirements of R.C. Section 153.61 to allocate responsibilities for the joint construction, ownership, maintenance and operation of a joint facility."

{¶ 20} In short, Ordinance No. 98-19 authorizes a contract to share the cost of a feasibility study that includes design and architectural plans. The ordinance and the accompanying contract are not governed by R.C. 153.61, as the agreement between Medina County and the City of Medina does not provide for the joint construction, acquisition, or improvement of anything and does not provide for the joint management, occupancy, maintenance, or repair of anything. The contract between Medina County and the City of Medina does not contain provisions addressing the things referenced in R.C. 153.61 because the project has not progressed to that stage.

{¶ 21} In opposition to the foregoing reasoning, the appellants cite *Beal v. City of Elyria*, 26 Ohio Misc. 282, 271 N.E.2d 571 (Lorain C.P. 1971) and *Bazell v. City of Cincinnati*, 13 Ohio St.2d 63, 233 N.E.2d 864 (1968), and argue that "construction" includes "planning." But neither case stands for the proposition that preliminary planning or design constitute "construction" under R.C. 153.61. Neither case even addresses that issue.

{¶ 22} Finally, the appellants contend the trial court was obligated to address the applicability of R.C. 153.61. Given that the trial court's summary-judgment ruling fails to mention the statute, the appellants argue that it necessarily erred. We note, however, that

the trial court had no duty to explain its decision, and findings of fact and conclusions of law are not required when ruling on summary judgment. *Copeland v. Rosario*, 9th Dist. Summit No. 18452, 1998 WL 46768, *3 (Jan. 28, 1998).[1] By entering summary judgment in favor of the City, the trial court necessarily rejected the appellants' argument about the applicability of R.C. 153.61. The third assignment of error is overruled.

{¶ 23} In their fourth assignment of error, the appellants claim the trial court erred in failing to find a violation of R.C. 731.17. Prior to passage, the statute requires a proposed municipal ordinance to "be read on three different days, provided the legislative authority may dispense with this rule by a vote of at least three-fourths of its members." Here the Medina City Council did not have either of the ordinances read three times on different days. Nor did City Council members vote to dispense with the reading requirement.

{¶ 24} The City of Medina asserts, however, that R.C. 731.17 did not apply. As a charter city with home-rule authority, the City maintains that it exercised its authority to enact its own procedure governing the reading of proposed ordinances. The City cites Medina Codified Ordinance 113.02(a), which provides:

> * * * Prior to the placement for consideration before Council of any bylaw,
>
> ordinance or resolution of a general or permanent nature * * * or involving
>
> the expenditure of money * * *, the presiding member of Council shall

---

[1] In *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, this court held that a trial court was obligated to provide some basis for its summary-judgment ruling where the case involved a particularly "complex web of facts and multiple legal issues." *Id.* at ¶ 8. Although the trial court's ruling in the present case is less helpful than it could have been, the appeal is not so factually and legally complex that we are unable to conduct a de novo review of the assignments of error.

verbally inquire of the members of Council if there is a motion to read the pending bylaw, ordinance or resolution fully and distinctly on three different days. In the absence of such motion, Council may proceed with the consideration of the bylaw, ordinance or resolution through the reading of the title only and a motion and second to adopt said bylaw, ordinance or resolution. In the event there is a motion and a second to read any bylaw, ordinance or resolution by title only on three different days, or to read any bylaw, ordinance or resolution fully and distinctly, or to read any bylaw, ordinance or resolution fully and distinctly on three different days, such motion shall be approved upon the affirmative vote of one-third of all the members of Council.

{¶ 25} Insofar as the foregoing procedure differs from R.C. 731.17, we agree with the City that its ordinance prevailed. The City of Medina is a charter city with home-rule authority. Section III-10 of the Medina City Charter authorized the City Council to pass an ordinance governing the method of enacting ordinances. Medina Codified Ordinance 113.02(a) was enacted pursuant to this authority. *See also* R.C. 701.05 ("Municipal corporations operating under a charter which provides for or authorizes a method of procedure in the passage and publication of legislation * * * differing from the method prescribed by general law, may pass and publish such legislation * * * under the general law or in accordance with the procedure provided for or authorized by its charter."); *Singer v. City of Troy*, 67 Ohio App.3d 507, 512, 587 N.E.2d 864 (2d Dist.1990) (opining that "R.C. 731.17 governs the passage of ordinances and resolutions by non-charter cities").

{¶ 26} In opposition to our conclusion, the appellants cite *Wesolowski v. City of*

*Broadview Hts. Planning Comm.*, 158 Ohio St.3d 58, 2019-Ohio-3713, 140 N.E.3d 545. But that case involved a municipality's exercise of its police powers, namely the approval of a subdivision application. Unlike *Wesolowski*, the Medina City Council's preferred procedure for reading or waiving the reading of a proposed ordinance involved a matter of local self-government. *City of Dayton v. Woodgeard*, 116 Ohio App. 248, 252, 187 N.E.2d 921 (2d Dist. 1962) (recognizing that "the adoption of ordinances" is "a matter of purely local concern"). The appellants also cite *State ex rel. Committee for Charter Amendment Petition v. City of Maple Hts.*, 140 Ohio St.3d 344, 2014-Ohio-4097, 18 N.E.3d 426. That case involved a city council's failure to submit charter amendment initiatives "forthwith." In its defense, the city maintained that R.C. 731.17 obligated it to read the proposed initiatives three times. The Ohio Supreme Court disposed of this argument in one sentence, simply noting that R.C. 731 also permitted the three-reading requirement to be waived. *Id.* at ¶ 21. Nothing in the case indicates that Maple Heights even had its own procedure for reading proposed legislation.

{¶ 27} In our view, the relevant issue here is whether the Medina City Council complied with Medina Codified Ordinance 113.02(a). The City maintains that "in the absence of such motion" requesting a reading on three separate days, Ordinance 113.02(a) authorized the two ordinances at issue to be read just once by title before voting. Although this is true, the appellants observe that prior to a vote, Ordinance 113.02(a) instructed the presiding member of Council to "verbally inquire" of the other members if there was a motion to read the pending ordinances fully and distinctly on three days. If there was a motion, then council members were required to vote on whether to require multiple readings. The Medina City Council minutes reflect no inquiry into the

existence of a motion to have either ordinance read on multiple days.

{¶ 28} The minutes of the June 24, 2019 Medina City Council meeting demonstrate beyond any genuine dispute, however, that none of the council members desired consideration of Ordinance No. 98-19 to be delayed for multi-day readings. The subject of a cost-sharing agreement for a feasibility study that included design and architectural plans already had been discussed by the City Council's finance committee. The finance committee also previously had reviewed the proposed contract between the City of Medina and Medina County. During the June 24, 2019 meeting of the full City Council, its members unanimously voted to add proposed Ordinance No. 98-19 to their agenda. After some discussion, a motion was made to adopt Ordinance No. 98-19, and the motion was seconded. A motion also was made and seconded to add the emergency clause. The reason for the urgency was that the architect was "standing by waiting for [City Council] to get this agreement executed." Ordinance No. 98-19 then was passed by unanimous agreement.

{¶ 29} Absent a motion for a reading of the ordinance on three days, the City Council was not obligated to conduct such readings. Although the presiding member should have inquired whether any of the members wanted to move for three readings, it is apparent beyond reasonable dispute that none of the City Council members wanted separate readings on three days. The members unanimously voted to add the Ordinance to the evening's agenda and unanimously voted to approve it without any objection to the lack of three readings. Under these circumstances, we decline to find Ordinance No. 98-19 invalid based on the presiding member's failure to make a formal inquiry into the three-reading issue prior to the vote.

{¶ 30} In reaching this conclusion, we note that the City Council had authority to suspend its own rules upon an affirmative vote of two-thirds of the members. *See* Medina Codified Ordinance No. 111.07(a). Although the City Council's rules required proposed legislation to be placed on the agenda prior to a meeting and required the presiding member to inquire about a motion for three readings of proposed legislation, the trial court reasonably could have concluded that the Medina City Council at least implicitly voted to suspend these requirements when it unanimously voted to add Ordinance No. 98-19 to the agenda and unanimously voted to pass it on June 24, 2019 without objection. *Compare Woodgeard*, 116 Ohio App. 248, 187 N.E.2d 921 (finding that failure to read proposed ordinance aloud in full prior to adoption did not invalidate ordinance despite existence of rule requiring ordinance to be read, and opining that a municipal body need not note on its minutes the suspension of a rule in the absence of an objection by its members).

{¶ 31} In a final argument under their fourth assignment of error, the appellants raise public-notice issues. They contend Ordinance No. 98-19 did not exist in written form when passed. They also claim Ordinance No. 49-20 was not available to the public until four days before it was passed. Under these circumstances, the appellants contend both ordinances violated Medina Ordinances 111.11(b), 111.12(c) and (d), and 113.02(a). In their summary-judgment motion below, the appellants accurately characterized the first three of these provisions as "Rules of Council." (*See* Plaintiffs' April 30, 2020 Response in Opposition to Defendant's Motion for Summary Judgment at 11-12.) Indeed, Chapter 111 of the Medina Codified Ordinances identifies them as such.

{¶ 32} Ordinance 111.11(b) provides that "[t]he final draft of proposed legislation,

not previously considered in finalized or written form, shall be edited and reviewed by the committee or by the committee chairman before its presentation to Council for dispositive action."

{¶ 33} Ordinance 111.12(c) states: "Prior to each meeting, the Clerk of Council shall prepare an agenda, or written schedule of matters, to be brought before Council and shall cause a copy of the same to be delivered to each member of Council together with the full text of any proposed legislation at least seventy-two hours prior to each scheduled meeting. Such agenda or written schedule shall constitute the formal schedule on business to be considered by Council at its next meeting, and matters not included on such agenda shall not receive consideration by Council, except upon suspension of these rules."

{¶ 34} Ordinance 111.12(d) states in relevant part: "Any proposed legislation or other matter which is to be placed on the agenda for action by Council shall be presented to the Clerk in a completed and final state not later than 12:00 noon on the Wednesday preceding the meeting of Council."

{¶ 35} Notably, the foregoing provisions appear to exist largely, if not primarily, for the benefit of Council members. Ordinance 111.11(b) governs the editing and review of proposed legislation prior to its presentation to Council. Ordinance 111.12(c) entitles Council members to a copy of the agenda and the text of proposed legislation before a meeting. Ordinance 111.12(d) governs the timing of the presentation of matters to the Clerk before a Council meeting. These rules do not directly address public access to proposed legislation. We note too that Ordinance 111.12(c) authorizes Council to add items to its agenda during a meeting upon its suspension of the rules, and Ordinance

111.07(a) allows Council to suspend its own rules.

{¶ 36} Regardless of any actual or perceived defect in the City Council's compliance with its own rules and procedures for consideration of Ordinance No. 98-19,[2] we reiterate our belief that the Council members at least implicitly voted to suspend any such requirements when they unanimously voted to add Ordinance No. 98-19 to the agenda and unanimously voted to pass it on June 24, 2019 without objection. We reach the same conclusion, again, with respect to Ordinance 113.02(a), the final provision cited by the appellants, which imposes the three-reading requirement addressed above. As for Ordinance No. 49-20, the appellants concede that it was made available to Council members and to the public at least four days before the meeting at which it was enacted. Therefore, we see no public-notice or "transparency" issues as far as Ordinance No. 49-20 is concerned. The fourth assignment of error is overruled.

{¶ 37} In their fifth assignment of error, the appellants claim the trial court erred in failing to find Ordinance No. 49-20 invalid. They cite five reasons why they believe the ordinance is invalid as a matter of law.

{¶ 38} First, the appellants contend Ordinance No. 49-20 violates R.C. 153.61. We

---

[2] Parenthetically, it appears to us that the proposed contract between City of Medina and the Medina County Board of Commissioners did exist in written form prior to the June 24, 2019 City Council meeting. A physical copy of proposed Ordinance No. 98-19 also appears to have been in existence prior to that meeting. (*See* City's March 27, 2020 Motion for Summary Judgment at Exhibit A, Mary Kathleen Patton affidavit and accompanying affidavit exhibits.). In particular, Exhibit A-9 to Patton's affidavit appears to be a complete copy of proposed Ordinance No. 98-19. The top of the document bears the hand-written date "6-24-19" along with a notation that it is "to be added to agenda." Finally, with regard to the public-notice issue, the Medina City Council Clerk provided detailed averments in the trial court describing how she provided the public at large with notice of City Council agendas and notice of the ordinances and contract at issue. (See City's May 1, 2020 Brief in Opposition to Plaintiff's Motion for Summary Judgment at Patton affidavit.)

disagree. Ordinance No. 49-20 did not authorize the joint construction, acquisition, or improvement of anything. It simply increased the amount of money the City was authorized to contribute to the shared costs under Ordinance No. 98-19, which as we discussed above also did not implicate R.C. 153.61.

{¶ 39} Second, the appellants argue that Ordinance No. 49-20 was not read three times as required by R.C. 731.17. As we explained above, however, R.C. 731.17 does not apply to the City of Medina, which operates under home-rule authority.

{¶ 40} Third, the appellants assert that Ordinance No. 49-20 violated Medina Codified Ordinance 113.02(a) because the presiding City Council member failed to inquire whether any member wanted the proposed amendment to be read on three days. Once again, we decline to invalidate the ordinance based on this oversight where City Council members unanimously approved Ordinance No. 49-20, no member objected to the vote or the failure to read the amendment on three days, and the record is devoid of any indication that any member desired multiple readings.

{¶ 41} Fourth, the appellants claim Ordinance No. 49-20 is invalid under Medina Codified Ordinance 113.02(b), which provides that no ordinance "shall be revised or amended unless the new bylaw or ordinance contains the entire bylaw, ordinance or section revised or amended, and the bylaw, ordinance or section so amended shall be repealed."

{¶ 42} The appellants note that Ordinance No. 49-20 explicitly amended Ordinance No. 98-19 by (1) increasing the amount authorized to be paid under the joint agreement with Medina County from $133,000 to $171,000 and (2) correcting a misstatement in Ordinance 98-19 to make the money payable to the Medina County

Board of Commissioners rather than directly to the architect. The appellants also correctly observe that Ordinance No. 49-20 neither restated the entirety of Ordinance No. 98-19 with the amendments nor repealed Ordinance No. 98-19. In response, the City contends the appellants waived the issue by failing to raise it below. The appellants dispute this assertion, claiming they did raise non-compliance with Ordinance 113.02(b) in the trial court.

{¶ 43} Upon review, we conclude that the appellants did not raise non-compliance with Medina Codified Ordinance 113.02(b) as grounds for invaliding Ordinance 49-20. In their March 23, 2020 supplemental complaint, the appellants presented numerous arguments challenging the validity of Ordinance No. 98-19 and Ordinance No. 49-20. Notably absent from the supplemental complaint is any reference to Medina Codified Ordinance 113.02(b) or any argument that Ordinance No. 49-20 is invalid for failing to fully restate and to repeal Ordinance No. 98-19.

{¶ 44} In their motion for summary judgment, the appellants likewise failed to mention Medina Codified Ordinance 113.02(b) or to make any argument that Ordinance No. 49-20 was invalid for failing to restate and repeal Ordinance No. 98-19. Given the appellants' failure to cite Medina Codified Ordinance 113.02(b) in their complaint or to raise the issue in their summary-judgment motion, they cannot now complain that the trial court erred in failing to invalidate Ordinance No. 49-20 based on non-compliance with Medina Codified Ordinance 113.02(b).[3]

---

[3] It appears that the appellants' first reference to Ordinance 113.02(b) was in a footnote in their memorandum opposing the City's summary-judgment motion. (*See* Plaintiffs' April 30, 2020 Response in Opposition to Defendant's Motion for Summary Judgment at 13, fn. 3.) But the appellants could not raise a new basis for invalidating Ordinance No. 49-20 in response to the City's motion for summary judgment on a supplemental complaint

{¶ 45} Fifth, the appellants contend Ordinance No. 49-20 authorized the City to spend $702.50 more than it was obligated to pay under its contract with Medina County. The appellants maintain that this "misapplication" of City funds rendered Ordinance No. 49-20 invalid.

{¶ 46} We find the appellants' argument to be unpersuasive. Ordinance No. 98-19 authorized the City to spend $133,000 to cover its share of expenses under the joint agreement with Medina County. This amount failed to include the City's share of the $149,190 cost for a construction manager for the design phase. The City was obligated to pay 25 percent of this cost, which amounted to $37,297.50. Instead of authorizing the expenditure of an additional $37,297.50, Ordinance No. 49-20 authorized an additional $38,000, making the new authorized total $171,000. The appellants insist that Ordinance No. 49-20 is invalid and unenforceable because it should have authorized only $170,297.50. In our view, the fact that Ordinance No. 49-20 rounded the authorized expenditure up to the nearest thousand dollars does not constitute "misapplication" of City finances. The City Council did not order the City to pay more than is required. The fact that City Council authorized an additional $702.50 did not invalidate the ordinance. For the foregoing reasons, we overrule the fifth assignment of error.

{¶ 47} In their sixth assignment of error, the appellants contend the trial court erred in failing to grant them injunctive relief under R.C. 733.56 to restrain the misapplication of

---

that did not mention Ordinance 113.02(b). The appellants' only other apparent reference to R.C. 113.02(b) came in their reply brief in support of their own summary-judgment motion. (*See* May 15, 2020 Reply Brief in Support of Plaintiffs' Motion for Summary Judgment at 3.) But the appellants were not entitled to raise a new basis for obtaining summary judgment in their reply brief, particularly where their supplemental complaint failed to raise the issue.

municipal funds, the abuse of City powers, and the execution/performance of a municipal contract made in contravention of law.

{¶ 48} We see no error in the trial court's failure to grant the appellants injunctive relief. In overruling the appellants' other assignments of error, we have found no misapplication of municipal funds, abuse of the City's power, or the execution/performance of an unlawful contract. Contrary to the appellants' argument, we also do not believe the traditional injunction considerations favor their request. In light of our analysis above, the appellants did not demonstrate a likelihood of success on the merits. We also see no risk of irreparable harm. We are unpersuaded by the appellants' claim that allowing the two ordinances to stand will result in the destruction of an iconic old courthouse. The two challenged ordinances authorized the City to spend money to enter into a cost-sharing agreement for preliminary planning, including architectural design services and fees payable to a construction manager for services rendered through the design phase. Under these circumstances, the public interest would not be served by granting injunctive relief, regardless of the purported lack of harm to third parties if such relief were granted. The sixth assignment of error is overruled.

## IV. Potential Mootness

{¶ 49} In a September 9, 2021 Decision and Entry, we directed the parties to file supplemental briefs addressing whether the present appeal is moot in light of developments that occurred following the enactment of Ordinance No. 98-19 and Ordinance No. 49-20. In particular, the parties have addressed the impact, if any, of (1) an initiative petition approved by City voters on November 3, 2020 and (2) an ordinance approved by City voters on May 4, 2021. The parties also have addressed our prior

decision to take judicial notice of the November 3, 2020 and May 4, 2021 election results regarding the initiative petition and ordinance.

{¶ 50} After considering the parties' filings, we adhere to our prior decision to take judicial notice of the foregoing ballot measures and the election results. We agree with the appellants, however, that the results of the elections on November 3, 2020 and May 4, 2021 do not render the present appeal moot.

{¶ 51} The initiative language approved by City voters on November 3, 2020 states:

**REQUIRE VOTE ON COURTHOUSE**

Without a majority vote of the qualified electors who are residents of the City of Medina, Ohio, ("the City"), the City shall not:

1) authorize, appropriate or spend any funds for, or

2) use any city resources to carry out, or facilitate carrying out, any demolition or construction activity (whether internal or external) at the Medina County Courthouse or any structure located on the east side of the Medina Public Square including, but not limited to, 72 through 99 Public Square, Medina, Ohio.

This restriction shall have the effect of law and shall be effective for a period of five (5) years.

{¶ 52} The ballot language approved by City voters on May 4, 2021 states:

**A majority affirmative vote is necessary for passage.**

Shall the City of Medina, Ohio, be authorized to appropriate

and expend funds and use city resources to locate the Medina

Municipal Court inside of the Medina County 1969 courthouse

located at 93 Public Square so as to preserve the 1969 courthouse as

a court building on the east side of Medina Public Square?

O YES

O NO

{¶ 53} As noted above, City voters approved the initiative language and the subsequent ballot language. The parties dispute the effect of the two voter-approved measures and their interplay with Ordinance No. 98-19 and 49-20. Without resolving these issues, which may be the subject of other litigation, we conclude that the two voter-approved measures do not render the present appeal moot. In reaching this conclusion, we note that Ordinance No. 98-19 and Ordinance No. 49-20 remain in full force and effect. We note too that the present lawsuit seeks to enjoin further expenditures under Ordinance No. 98-19 and Ordinance No. 49-20, to recoup money already spent under the two ordinances, and to recover costs in this action. These issues are not moot, even if we assume, arguendo, that the measures approved by voters on November 3, 2020 and May 4, 2021 have put a halt to any joint City-County courthouse project.

## V. Conclusion

{¶ 54} Having overruled the appellants' six assignments of error, we affirm the judgment of the Medina County Common Pleas Court.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Patricia A. Walker
Ralph E. Jocke

Gregory A. Huber
Hon. Richard J. McMonagle, Sitting by Assignment